YATES, Presiding Judge.
This is the second time this case has been before this court. See Jester v. Jester, 795 So.2d 743 (Ala.Civ.App.2001)(“Jester I”). The wife moved to, among other things, have the husband held in contempt for his failure to comply with provisions of the divorce judgment. The court found that the husband owed the wife $62,609.61 in reserve alimony. On postjudgment motions by the parties, the court amended its judgment, finding that the husband owed $61,415.02 in reserve alimony. The husband appealed; the wife cross-appealed.
On March 30, 2001, this court held that the trial court had erred in its calculation of the amount of reserve alimony owed by the husband; we reversed that portion of the judgment and remanded the case, instructing the trial court to “allow a reduction of the taxable income based on the second wife’s earnings for 1991 through 1995” using “the stipulated formula based on taxable income exceeding $72,000 per year and taxable income that exceeds $6,000 per month within that year.” 795 So.2d at 749. We affirmed all other portions of the judgment.
On remand, the trial court requested the parties to submit “their proposed recalculations.” On May 7, 2001, the wife submitted an affidavit prepared by Robert M. Hunt, Jr., a certified public accountant, who set out his professional opinion as to the correct methodology in calculating the reserve alimony in accordance with provisions of the divorce judgment. The wife also moved the court to require the husband to produce all financial records showing his “annual and monthly income from all sources, and correct evidence as to what income he received by virtue of his inheritance or gift from his parents.” The court granted the wife’s motion.
On or about July 24, 2001, the wife moved for a partial summary judgment; she later moved to amend her motion.[1] On September 20, 2001, the trial court entered its new order after remand, which stated, in part, as follows:
“This Court expressed its befuddlement as to how to calculate in accordance with the mandate. It requested that the parties come up with their proposed recalculations. They have done so to some extent.
“In its initial calculations, the court did make a significant error in that it *195 based its calculations upon the figures shown in Mr. Jester’s income tax returns. Those amounts included the earnings of Mr. Jester’s second wife, a fact which was not revealed to the Court during the trial. Before the appellate court ruled, Mr. Jester was allowed to supplement the record to show that the returns included the then second Mrs. Jester’s earnings and that justified a recalculation.
[[Image here]]
“As the Court understands the appellate court’s ruling, it is required to look at the individual months within the years with more than $72,000.00 in earnings. This Court does not believe that such an examination, if properly applied, affects the outcome. If, for example, he earned an even $6,000.00 per month from January through November and then earned $18,000.00 in December, his total annual earnings would be $84,000.00. Calculating on an annual basis, he would owe $2,400.00. Calculating on a monthly basis, he would owe $2,400.00. So long as his annual income exceeded $72,000.00 and every month’s income exceeded $6,000.00, either calculation has the same result.
“Certainly, it was not intended that the percentages be applied to every month in which his earnings exceeded $6,000.00 and without regard to the offsetting effect of those months when he made less than that amount. For example, if he earned only $4,000 per month for eleven months and then $40,000.00 for the twelfth, he still would have a total of $84,000.00 for the year but, if the eleven bad months were ignored, would he not owe $5,600.00 (20% of the $28,000.00 extra made that twelfth month) on the basis of a monthly calculation?
[[Image here]]
“Clearly, the only fair way to determine the reserve alimony, even taking into consideration the monthly as well as the annual earnings, is the method the Court originally followed.
[[Image here]]
“When the second Mrs. Jester’s income is deducted, we have the following results:
Year AGI Reserve alimony due
1989 $ 67,890.00 $ -0-
1990 $ 74,595.37 $ 519.07
1991 $ 80,228.64 $ 1,654.72
1992 $100,010.37 $ 5,602.07
1993 $119,691.52 $ 7,769.15
1994 $124,140.06 $ 8,214.00
1995 $143,237.29 $ 9,561.86
1996 $199,833.27 $12,000.00
1997 $219,783.00 $12,000.00
1998 $174,162.00 $11,108.10
Total $68,419.97[2]
“[The husband] still is entitled to the credits allowed in the [divorce judgment], a total of $19,550.00. This reduces his reserve alimony obligation to a net of $48,869.97, for which an amended judgment will enter. Hopefully, this will end this thirteen year battle.
[[Image here]]
“1. That, pursuant to the mandate of the Court of Civil Appeals, the Court has recalculated the ‘reserve alimony,’ taking into consideration both the annual and monthly thresholds established by the original Decree.
“2. That Mr. Jester owes Mrs. Jester, as of March 30, 2000, the sum of $48,869.97 in ‘reserve alimony’ and a judgment is entered against him and in her favor in that amount.
*196 “3. That Mrs. Jester is entitled to interest on the judgment at the post-judgment rate of 12% per annum from March 30, 2000.”
The husband appealed; the wife cross-appealed.
Both the husband and the wife argue that the trial court failed to follow the instructions of this court of calculating the reserve alimony due to the wife. The wife further argues that because the court on remand failed to apply the proper formula for calculation of reserve alimony, it erred in determining the amount of reserve alimony it awarded to her. We agree.
The trial court contends that it makes no difference whether a calculation is performed for each individual month in years when annual earnings exceed $72,000. We disagree. The trial court attempted to explain its ruling by presenting a hypothetical where the husband made $84,000 per year; earning $6,000 from January to November, then in December earning $18,000. For example:
Month Taxable Monthly Income Excess
January 3,000 0
February $ 6,000 0
March $ 6,000 0
April $ 6,000 0
May $ 6,000 0
June $ 6,000 0
July $ 6,000 0
August $ 6,000 0
September $ 6,000 0
October $ 6,000 0
November $ 6,000 0
December $18,000 $12,000
Totals $84,000 $12,000
X20%
Reserve Alimony $ 2,400
On its face, the court appears to have properly applied the formula set out by this court. However, the trial court simply subtracted $72;000 from each year with earnings over that amount, then multiplied the difference to get the total reserve alimony, grossly misconstruing our instructions. Therefore, we will use our own hypothetical example to illustrate the proper method of calculating reserve alimony, pursuant to our instructions on remand, giving the husband an annual income of $84,000, with varying monthly earnings. For example:
Month Taxable Monthly Income Excess
January $ 4,000 0
February $ 8,000 $ 2,000
March $ 6,000 0
April $ 2,000 0
May $10,000 $ 4,000
June $ 8,000 $ 2,000
July $ 7,000 $ 1,000
August $ 9,000 $ 3,000
September $ 4,000 0
October $ 6,000 0
November $ 2,000 0
December $18,000 $12,000
Totals $84,000 $24,000
X20%
Reserve Alimony $ 4,800
In this hypothetical, the husband earned over $72,000 for the year; therefore he is required to pay reserve alimony. For each month his earnings exceeded $6,000, $6,000 is subtracted from the taxable income from that month; the difference is the “excess.” Next, the excess for all months in which there was an excess is totaled, and the total monthly excess is multiplied by the percentage set out in the original divorce judgment. That amount is the correct amount of reserve alimony for the year.
As demonstrated above, although the adjusted gross income for each year is identical, calculating each month separately results in a different amount than simply determining the total annual excess taxable income over $72,000 and applying the appropriate percentage as the trial court did. The trial court failed to follow our instructions on remand and erred in its calculations of reserve alimony due the wife. Accordingly, we reverse and remand for the court to follow our previous instructions.
Finally, the wife argues that the court erred in denying her motion for a partial summary judgment. Because we have held that the trial court erred in its deter *197 mination of reserve alimony, we pretermit discussion of this issue.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. Mrs. Jester’s motion for a summary judgment was denied by the court in its final order, from which she appeals.

. We note that the total of this column should be $68,428.97, and also the reserve alimony figure in the following paragraphs should be $48,878.97 rather than $48,869.97. However, the parties do not dispute those figures,